United States District Court
Southern District of Texas

**ENTERED**

May 19, 2026

Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| HEINEKEN USA INC., *et al.*, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 7:24-CV-00424 |
| | § | |
| OZ TRADING GROUP, INC., | § | |
| | § | |
| Defendant. | § | |

## FINAL JUDGMENT AND PERMANENT INJUNCTION

In accordance with the Court's Order Granting Plaintiffs' Motion for Summary Judgment, it is hereby **ORDERED** that final judgment is entered in favor of Plaintiffs Heineken USA Inc. ("HUSA") and Plaintiff Cervezas Cuauhtémoc Moctezuma, S.A. de C.V. ("CCM" and together with HUSA, "Plaintiffs") on all claims asserted against Defendant Oz Trading Group, Inc. ("Defendant") in this case. Accordingly,

**IT IS FURTHER ORDERED** that Defendant, along with its agents, licensees, distributors, attorneys, servants, employees, affiliates, parents, subsidiaries, and assigns, and all those persons acting in concert or participation with any of them, are permanently enjoined from:

i.     Using the INDIO and CARTA BLANCA trademarks (collectively, "Plaintiffs' Marks") or any confusingly similar marks, names, or colorable imitations thereof (all of the foregoing, a "Prohibited Mark"), in connection with any products or services;

ii.    Submitting Certificate of Label Approval ("COLA") applications for any labels and/or bottles that contain Plaintiffs' Marks and/or elements identical or confusingly similar to elements of Plaintiffs' packaging or labels for Plaintiff's products sold under Plaintiffs' Marks;

iii.   Importing, manufacturing, producing, distributing, circulating, selling, offering for sale, advertising, promoting, or displaying any product bearing any simulation, reproduction,

1 / 3

counterfeit, copy, or colorable imitation of a Prohibited Mark, or any other indicia associated with Plaintiffs;

iv.     Using any simulation, reproduction, counterfeit, copy, or colorable imitation of a Prohibited Mark in connection with the importation, promotion, advertisement, display, sale, offering for sale, manufacture, production, circulation, or distribution of any product or service in such fashion as to relate or connect, or tend to relate or connect, such product or service in any way to Plaintiffs or to any services sold, manufactured, sponsored, or approved by or connected with Plaintiffs;

v.      Using any false designation of origin or false description or statement, or performing any act which is likely to lead members of the trade or public to believe that any product or service manufactured, offered, distributed, or sold by Defendant is in any manner associated or connected with Plaintiffs, or is sold, manufactured, licensed, sponsored, approved, or authorized by Plaintiffs;

vi.     Engaging in any other activity constituting unfair competition with Plaintiffs, or constituting an infringement of Plaintiffs' Marks; and

vii.    Assisting, aiding, or abetting any other person or business entity in engaging or performing any of the activity referred to in subparagraphs (i) through (vi) above.

**IT IS FURTHER ORDERED** that Defendant take all necessary steps to surrender the COLAs bearing serial nos. 248004 and 248010 and any other COLAs that Defendant has obtained, including through any third parties, for any label bearing a Prohibited Mark.

**IT IS FURTHER ORDERED** that Defendant deliver up for destruction all products, labels, packaging, and marketing materials bearing any Prohibited Mark.

**IT IS FURTHER ORDERED** that Defendant notify all distributors and retailers through whom Defendant has distributed and sold products bearing any Prohibited Mark (the "Infringing

Products") of this action and request that all such distributors cease distributing the Infringing Products and that all such retailers remove the Infringing Products from their shelves and permanently refrain from selling the Infringing Products.

**IT IS FURTHER ORDERED** that Plaintiffs are awarded statutory damages in an amount of $10,000.00 per counterfeit mark for a total of $20,000.00.

SO ORDERED May 19, 2026, at McAllen, Texas.

Randy Crane
Chief United States District Judge